UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SANDRA NOMEY and<br>NATHAN BANDARIES | CIVIL ACTION NO.:  22-3581 |
| | DISTRICT JUDGE: |
| v. | |
| GOOGLE, LLC, A DELAWARE LIMITED<br>LIABILITY COMPANY | MAGISTRATE JUDGE: |

### NOTICE OF REMOVAL

Defendant, Google LLC ("Google"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal of this cause of action from the Parish of Orleans, Civil District Court, State of Louisiana to the United States District Court for the Eastern District of Louisiana.

**I.     Plaintiffs' Claims and the Parties.**

On July 27, 2022, Sandra Nomey ("Ms. Nomey") and Nathan Bandaries ("Mr. Bandaries") ("Plaintiffs"), commenced this class action lawsuit against Google in the Parish of Orleans, Civil District Court, State of Louisiana, asserting claims arising out of alleged violations of the Louisiana Database Security Breach Notification Law,[1] invasion of privacy,[2] and violations of Plaintiffs' Louisiana constitutional "right to privacy".[3] (Petition for Damages dated July 27, 2022 ("Petition"), attached as Exhibit 1.)

---

[1] La. R.S. 51:3071, *et seq*. Plaintiffs claim that Google violated La. R.S. 51:3074, and that this violation constitutes an unfair act or practice pursuant to La. R.S. 51:1405(A).

[2] Louisiana recognizes a right of action for invasion of privacy under La. Civ. Code art. 2315 as a breach of duty, or fault. *Jaubert v. Crowley Post Signal, Inc.*, 375 So. 2d 1386 (La. 1979).

[3] Louisiana Constitution of 1974, Art. 1, § 5. This claim may only be brought against the state or state actors; Google is neither. *See, e.g.*, *Ponder v. Pfizer, Inc.*, 522 F. Supp. 2d 793, 798 (M.D. La. 2007); *see also*, *Brennan v. Bd. of Trustees for Univ. of Louisiana Sys.*, 95-2396 (La. App. 1 Cir. 3/27/97), 691 So. 2d 324, 329.

Plaintiffs allege that between August 1, 2018 and the present date, Google conducted unauthorized acquisition of Louisiana residents' "biometric identifiers" obtained from photographs that were uploaded to Google Photos from within the state of Louisiana and failed to properly inform Louisiana residents that such data was being "collected or stored" by and for the use of Google, including sales of such information for profit to other organizations including law enforcement entities. (Petition, Ex. 1 at ¶¶ XII-XIV, XVI.) Plaintiffs claim such actions by Google violate the Louisiana Database Security Breach Notification Law, invade Plaintiffs' privacy, and violate Plaintiffs' Louisiana constitutional "right to privacy". (Petition, Ex. 1 at ¶¶ XII-XIV, XVI, XXIII.)

Specific to named Plaintiffs, Mr. Bandaries, a retired attorney, alleges that Google collected photos, including pictures of clients and accident sites, and, upon creating a template for each face detected therein, created a database of such data. (Petition, Ex. 1 at ¶¶ XVIII-XIX.) Mr. Bandaries further alleges Google created this face template database with no consideration for whether a particular face belonged to Mr. Bandaries or a Google "non-user", and used the database to identify the gender, age and location of those in the photos. (Petition, Ex. 1 at ¶¶ XVIII-XIX.) Mr. Bandaries complains these photos allegedly contain privileged information as to former clients and that, as such, he is now in the position of having to notify former clients at his expense. (Petition, Ex. 1 at ¶¶ XVIII-XIX.) Ms. Nomey, a retired hotel consultant, also alleges Google collected photos, including pictures related to clients and business operations, and, upon creating a template for each face detected therein, created a database of such data. (Petition, Ex. 1 at ¶ XX.) Ms. Nomey further alleges Google never requested or received a written release to use her personal photos, nor does Google have a written, publicly available policy identifying a retention schedule, or guidelines for permanently destroying any of these biometric identifiers or information.

(Petition, Ex. 1 at ¶ XX.) Ms. Nomey claims the foregoing conduct has occurred to her detriment. (Petition, Ex. 1 at ¶ XX.)

Plaintiffs seek to recover damages for injuries they have allegedly sustained, as well as three times the actual damages sustained, pre- and post- judgment interest, attorney fees, and costs to the plaintiffs. (Petition, Ex. 1 at ¶ XLVII.) Plaintiffs also contend that the Court should award injunctive relief "as is necessary to protect the interests of the Class, including, inter alia, an order requiring Google to collect, store, possess, and use biometric identifiers or biometric information in compliance with the 'Louisiana Database Security Breach Notification Law'". (Petition, Ex. 1 at ¶ XLVII.)

## II. This Action is Removable Under CAFA Jurisdiction.

Plaintiffs filed their Petition pursuant to Louisiana's class action statute. La. Code of Civ. Pro. art. 591. Class actions filed in state court can be removed to federal court if: (1) there is federal question jurisdiction;[4] (2) there is diversity jurisdiction;[5] (3) removal is authorized by the Class Action Fairness Act of 2005 ("CAFA");[6] or (4) removal is authorized by the Securities Litigation Uniform Standards Act.[7] This action is removable on CAFA grounds.

A class action can be removed under CAFA when: (1) there is minimal diversity (i.e., the citizenship of at least one plaintiff is diverse from the citizenship of at least one defendant);[8] (2) there are at least 100 putative class members;[9] (3) the amount in controversy based upon the class members' aggregated claims exceeds $5 million exclusive of interest and costs;[10] (4) the primary

---

[4] 28 U.S.C. §§ 1331 & 1441(a).
[5] 28 U.S.C. §§1332, 1441(a) & 1441(b).
[6] 28 U.S.C. §§ 1332(d) & 1453.
[7] 15 U.S.C. §§ 77p & 78bb.
[8] 28 U.S.C. § 1332(d)(2).
[9] 28 U.S.C. § 1332(d)(5)(B).
[10] 28 U.S.C. § 1332(d)(2).

defendants are not states, state officials, or other governmental entities against whom the district court may be prevented from ordering relief;[11] and (5) the 30-day deadline for removal is met.[12] Each of these requirements is met here.

### A. Minimal diversity exists.

Google is incorporated in Delaware with its principal place of business in California and is therefore a citizen of Delaware and California. [Petition, Ex. 1 at ¶ II]; 28 U.S.C. § 1332(c)(1).

Plaintiffs are citizens of the state of Louisiana. (Petition, Ex. 1 at ¶ I.) The purported class is all Louisiana residents that used Google Photos. (Petition, Ex. 1 at ¶ XXXI.) Accordingly, the putative class, including Plaintiffs, are citizens of neither Delaware nor California.

Because at least one member of the putative class is a citizen of a State different from at least one Defendant, this action meets the diversity requirement under 28 U.S.C. 1332(d)(2). *See Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 544 (5th Cir. 2006); *see also*, §1332(d)(2).

### B. There are more than 100 putative class members.

Plaintiffs allege there are "certainly" "hundreds of thousands" of putative class members. (Petition, Ex. 1 at ¶ XXXII.) Therefore, this requirement is easily met.

### C. The amount in controversy exceeds an aggregate amount of $5 million.

Under CAFA, the requisite amount in controversy is $5,000,000 aggregated across all claims. *See,* §1332(d)(2). The removing party bears the burden of establishing the amount in controversy. Removing parties may do so by: "(1) adduc[ing] summary judgment evidence of the amount in controversy, or (2) demonstrat[ing] that, from the class plaintiffs' pleadings alone, it is 'facially apparent' that CAFA's amount in controversy is met." *See Perritt v. Westlake Vinyls Co., L.P.*, 562 Fed. Appx 228, 231 (5th Cir. 2014).

---

[11] 28 U.S.C. § 1332(d)(5)(A).
[12] 28 U.S.C. § 1446(b).

4

The Fifth Circuit has recently clarified the test for establishing facial apparency, quoting the Seventh Circuit and stating:

> The removing party, as the proponent of federal jurisdiction, bears the burden of describing how the controversy exceeds $5 million. This is a pleading requirement, not a demand for proof. Discovery and trial come later. A removing defendant need not confess liability in order to show that the controversy exceeds the threshold. The removing party's burden is to show not only what the stakes of the litigation *could* be, but also what they *are* given the plaintiff's actual demands. . . . The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks. Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.

*Berniard v. Dow Chem. Co.,* 481 F. App'x 859, 862 (5th Cir. 2010) (per curiam) (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).

As explained by the Fifth Circuit, "[that] the removing party bears the burden of proving the amount in controversy does not mean that the removing party cannot ask the court to make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015).

Here, the Petition alleges that the class "certainly" encompasses "hundreds of thousands" of individuals. (Petition, Ex. 1 at ¶ XXXII.) The sheer volume of class members alone suggests an amount in controversy of at least $5,000,000. Even assuming, *arguendo*, that the class is only 200,000 individuals, to exceed the $5,000,000 threshold, at most Google need only demonstrate that each Plaintiff is seeking damages that average $25. *See Robertson*, 814 F.3d at 240 (noting the required demonstration of the amount in controversy concerns "everything [the plaintiff] seeks," not only what "the plaintiff is likely to win") (quoting *Berniard,* at 862).

The Petition raises claims for current and ongoing damages related to alleged violations of

the Louisiana Database Security Breach Notification Law, invasion of privacy, and violations of Plaintiffs' Louisiana constitutional "right to privacy". (Petition, Ex. 1 at ¶¶ XII-XVII.) Plaintiffs' alleged damages arise from Google's alleged unauthorized acquisition of their "biometric identifiers" obtained from photographs that were uploaded to Google Photos from within the state of Louisiana, as well as Google's alleged failure to properly inform Plaintiffs that such data was being "collected or stored" by and for the use of Google, including sales of such information for profit to other organizations including law enforcement entities. (Petition, Ex. 1 at ¶¶ XII-XIV, XVI.) Plaintiffs describe such actions as immoral, unethical, oppressive and unscrupulous. (Petition, Ex. 1 at ¶ XVI.) In light of these claims, Plaintiffs seek compensation for their alleged actual damages and, although Google maintains punitive damages are not awardable based on the facts pled, Plaintiffs clearly seek "treble" damages—"**three times** the actual damages sustained as well as reasonable attorney fees and costs to the plaintiffs." (Petition, Ex. 1 at ¶¶ XVI and XLVII.)

Given Plaintiffs' allegations regarding their alleged damages, including that Plaintiffs are seeking **three times** the actual damages sustained by themselves and putative class members along with reasonable attorney fees,[13] it is facially apparent that the amount in controversy exceeds $25 per putative class member and, thus, exceeds $5,000,000 in the aggregate.

Additionally, Plaintiffs equate this case with two other matters involving damages or penalties in excess of $5 million. The first is litigation brought in Illinois involving the same product and same alleged data collection at issue in this case, and which was brought under an Illinois statute that Plaintiffs allege is similar to the statute at issue here. (Petition, Ex. 1 at ¶ VIII.) Plaintiffs allege that the Illinois litigation settled for $100,000,000 earlier this year. (Petition, Ex.

---

[13] An award of attorneys' fees is included in the amount in controversy analysis where there is state statutory authority for the court to award attorney's fees to class representatives. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 874 (5th Cir. 2002).

1 at ¶ VIII.) The second is an enforcement action brought by the French Data Protection Authority under the European Union's General Data Protection Regulation, which Plaintiffs allege was based on the same type of conduct at issue here, and which resulted in a fine of $57,000,000. (Petition, Ex. 1 at ¶¶ VIII and X.) Plaintiffs' allegations equating this matter with matters involving tens of millions of dollars further show that the amount in controversy exceeds an aggregate amount of $5,000,000.

### D. *All primary defendants are not state actors.*

CAFA jurisdiction is declined if "the primary defendants are States, State officials, or other governmental entities". *See* 28 U.S.C. §1332(d)(5)(A). Undeniably, neither Google nor Plaintiffs are "state actors". As such, the "state actor" exception found in §1332(d)(5)(A) does not apply.

### E. *Timeliness.*

Google was properly served with the Petition and citation on August 31, 2022.[14] Google has 30 days after service to file a notice of removal. 28 U.S.C. § 1446(b)(1). Google files this notice of removal on September 30, 2022, within the 30-day period.

### F. *CAFA Exceptions*

This action does not fall within the exclusion to removal jurisdiction described in 28 U.S.C. § 1453(d).

### III. State Court Pleadings and Papers.

Under 28 U.S.C. § 1446(a), copies of all papers and pleadings on file with the district court for the Parish of Orleans, Civil District Court, State of Louisiana have been attached hereto as exhibits:

---

[14] *See* Second Certificate of Louisiana Long Arm Service, Exhibit 1-G.

| Date | Document | Exhibit |
|---|---|---|
| 7/27/2022 | Petition | 1 |
| 7/27/2022 | Letter from Attorney Requesting Issuance of Service | 1-A |
| 7/29/2022 | Letters from Madro Bandaries, PLC OFFICE | 1-B |
| 8/03/2022 | Citation and Service Copies of Petitions | 1-C |
| 8/08/2022 | Certificate of Louisiana Long Arm Service As To: Defendant, Google LLC (improper) | 1-D |
| 8/18/2022 | Letter from Attorney Requesting Issuance of Service | 1-E |
| 8/22/2022 | Citation and Service Copies of Petitions Issued | 1-F |
| 9/01/2022 | Second Certificate of Louisiana Long Arm Service As To: Defendant, Google LLC | 1-G |

Contemporaneous with the filing of this Notice of Removal, pursuant to 28 U.S.C. § 1446(d), Google has provided written notice of this removal to Plaintiffs' counsel and filed a copy of that notice with the clerk of the district court for the Parish of Orleans, Civil District Court, State of Louisiana (Notice of Filing of Notice of Removal, attached as Exhibit 2.)

## IV.   Conclusion.

Google hereby removes this case from the district court for the Parish of Orleans, Civil District Court, State of Louisiana to this Federal District Court. Removal is timely and this Court has subject matter jurisdiction over this matter.

This matter is removable under CAFA because: (1) there is minimal diversity; (2) there are at least 100 putative class members; (3) the amount in controversy exceeds $5 million exclusive of interest and costs; and (4) the primary defendants are not states, state officials, or other governmental entities.

Dated: September 30, 2022.

Respectfully submitted,

**FORMAN WATKINS & KRUTZ**

*/s/ Taylor D. Waxley*
DANIEL J. MULHOLLAND, #38569
T. PEYTON SMITH, #34984
TAYLOR D. WAXLEY, #39382
201 St. Charles Avenue, Suite 2100
New Orleans, LA 70170
Telephone: (504) 799-4383
Facsimile: (504) 799-4384
Daniel.Mulholland@formanwatkins.com
Peyton.Smith@formanwatkins.com
Taylor.Waxley@formanwatkins.com
LAEService@formanwatkins.com

**PERKINS COIE LLP**
(***pro hac vice* motions to be filed**)

*/s/ Sunita Bali*
SUSAN D. FAHRINGER, # 21567
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
SFahringer@perkinscoie.com

SUNITA BALI, #274108
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: (415) 344-7000
Facsimile: (415) 344-7050
SBali@perkinscoie.com

SAMANTHA V. ETTARI-CONTRERAS,
#24077982
500 North Akard Street, Suite 3300
Dallas, Texas 75201
Telephone: (214) 965-7700
Facsimile: (214) 965-7799
SEttari@perkinscoie.com

*Attorneys for Google LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 30, 2022, I served a true and correct copy of the foregoing on all known counsel of record and / or party by U.S. Mail, certified mail, fax, e-mail, and / or hand delivery as follow:

    Plaintiffs
    Through Their Counsel of Record
    Madro Bandaries
    Madro Bandaries, PLC
    Post Office Box 56458
    1127 2nd Street
    New Orleans, Louisiana 70156

    And

    Michael G. Stag
    Ashley M. Liuzza
    Matthew D. Rogenes
    One Canal Place
    365 Canal Street, Suite 2850
    New Orleans, Louisiana 70130

                                */s/ Taylor D. Waxley*
                                TAYLOR D. WAXLEY