2022-06619

# E

## Section 7

FILED

2022 JUL 27  A 10:59

CIVIL

DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO._____                                              DIVISION ____

**SANDRA NOMEY and NATHAN BANDARIES**

**VERSUS**

**GOOGLE, LLC, A DELAWARE LIMITED LIABILITY COMPANY**

FILED: _____                    _____

                                                            **DEPUTY CLERK**

### PETITION FOR DAMAGES

NOW INTO COURT, through under signed Counsel, come Plaintiffs, Sandra Nomey and

Nathan Bandaries, (hereinafter "plaintiffs") who bring this action and respectfully represent as

follows:

### PARTIES

#### I.

Made Plaintiffs herein are:

A.  **SANDRA NOMEY,** who is of lawful age of majority, a citizen of New Orleans,
    Louisiana, and is over the age of 70, in poor health and thus seek expedited trial
    setting pursuant to La. Code. Civ. Pro. art. 157.

B.  **NATHAN BANDARIES,** who is of lawful age of majority, a citizen of New
    Orleans, Louisiana, and is over the age of 70, in poor health and thus seek
    expedited trial setting pursuant to La. Code. Civ. Pro. 157.

#### II.

Made Defendant herein is **GOOGLE, LLC** (hereinafter "GOOGLE"), and is a Delaware

limited liability company with its principal address at 1600 Amphitheatre Parkway, Mountain

View, California 94043.

### JURISDICTION AND VENUE

#### III.

Venue is proper in this judicial district pursuant to *Articles 74* and *593* of the Code of

Civil Procedure because defendant engaged in wrongful conduct in and damages were sustained

within this judicial district. No federal question is presented by this pleading with plaintiffs

bringing this dispute under state law and not under federal law, and specifically not under the

United States Constitution, nor any of its amendments, nor under *42 U.S.C. § 1981* or *1982*, nor

any other federal statute, law, rule, or regulation. Plaintiffs say that all causes of action exist



1

VERIFIED

Kasie Jiles

2022 JUL 27  P 02:47

2022-06619

**E**

Section 7

FILED

2022 JUL 27   A 10:59

CIVIL

DISTRICT COURT

under state law for the wrongful conduct complained of herein. Plaintiffs further say that substantial portions of the transactions giving rise to the causes of action pleaded herein occurred in the Parish of Orleans with Louisiana *Revised Statutes 51:3071 et seq.*, relative to the Louisiana Database Security Breach Notification Law, also providing both venue and jurisdiction as to the defendant.

## BACKGROUND

### IV.

The **Louisiana Database Security Breach Notification Law** provides plaintiffs a right of action, as does other Louisiana law found below. The "Security Breach Notification Law" is codified as follows:

*LSA-R.S. 51:3073* reads:

§ 3073. Definitions

As used in this Chapter, **the following terms shall have the following meanings:**

(1) "Agency" means the state, a political subdivision of the state, and any officer, agency, board, commission, department or similar body of the state or any political subdivision of the state.

(2) **"Breach of the security of the system" means the compromise of the security, confidentiality, or integrity of computerized data that results in, or there is a reasonable likelihood to result in, the unauthorized acquisition of and access to personal information maintained by an agency or person.** Good faith acquisition of personal information by an employee or agent of an agency or person for the purposes of the agency or person is not a breach of the security of the system, provided that the personal information is not used for, or is subject to, unauthorized disclosure.

(3) **"Person" means any individual, corporation, partnership, sole proprietorship, joint stock company, joint venture, or any other legal entity.**

(4)(a) "Personal information" means the first name or first initial and last name of an individual resident of this state in combination with any one or more of the following data elements, when the name or the data element is not encrypted or redacted:

(I) Social security number.

(ii) Driver's license number or state identification card number.

(iii) Account number, credit or debit card number, in combination with any required security code, access code, or password that would permit access to an individual's financial account.

(iv) Passport number.

(v) **Biometric data. "Biometric data" means data generated by automatic measurements of an individual's biological characteristics, such as fingerprints, voice print, eye retina or iris, or other unique biological characteristic that is used by the owner or licensee to uniquely authenticate an individual's identity when the individual accesses a system or account.**

(b) "Personal information" shall not include publicly available information that is lawfully made available to the general public from federal, state, or local government records. (Emphasis provided)

E-Filed

2022-06619

**FILED**

2022 JUL 27   A 10:59

CIVIL

DISTRICT COURT

**E**

**Section 7** Plaintiffs says that "Biometric data" refers to an individual's unique physical

characteristics with the most prevalent use of biometrics being found in **facial recognition**

**technology**. The biometric data is collected by scanning a human face or an image thereof, then

extracting facial feature data based on specific "biometric identifiers" such as the face's

geometry as determined by facial points and contours and comparing the resulting "face

template," also referred to as a "faceprint" against other "face templates" stored in a "face

template database." If a match is found in the database, an individual may be identified. With

brevity, a "faceprint" is similar to a "fingerprint" in that a "face template date database" may

lead to the identification of a person within seconds if his biometric scan is found in the database,

and without the individual being aware of it. Naturally privacy issues abound.

V.

In 2018, the Louisiana Legislature recognized the potential of violating the privacy rights

of its citizens, or better said, the "right to be left alone" and thus added <u>Paragraph v</u> to *LSA-R.S.*

*51:3073*.

> **(v) Biometric data. "Biometric data" means data generated by automatic
> measurements of an individual's biological characteristics, such as
> fingerprints, voice print, eye retina or iris, or other unique biological
> characteristic that is used by the owner or licensee to uniquely
> authenticate an individual's identity when the individual accesses a system
> or account.**

In its Legislative findings in 2015, the Louisiana Legislature in *LSA-R.S. 51:3072* addressed its

concerns:

> § 3072. Legislative findings
>
> The **legislature hereby finds and declares that:**
> (1) The **privacy** and financial security of individuals are increasingly at risk
> due to the ever more widespread collection of personal information.
> (2) Credit card transactions, magazine subscriptions, telephone numbers, real
> estate records, automobile registrations, consumer surveys, warranty
> registrations, credit reports, and **Internet web sites are all sources of
> personal information and form the source material of identity theft.**
> (3) The crime of identity theft is on the rise in the United States. Criminals
> who steal personal information use the information to open credit card
> accounts, write bad checks, buy automobiles, and commit other financial
> crimes using the identity of another person.
> (4) Identity theft is costly to the marketplace and to consumers.
> (5) Victims of identity theft must act quickly to minimize the damage;
> therefore, expeditious notification of possible misuse of a person's personal
> information is imperative. (Emphasis provided)

3

2022-06619

# E

## Section 7

FILED

2022 JUL 27   A 10:59

CIVIL

DISTRICT COURT

VI.

To protect the citizens of Louisiana and **maintain their privacy,** the Legislature enacted

*LSA-R.S. 51:3074,* which reads:

**§ 3074. Protection of personal information; disclosure upon breach in the security of personal information; notification requirements; exemption**

A. **Any person that conducts business in the state** or that owns or licenses computerized data **that includes personal information, or any agency that owns or licenses computerized data that includes personal information,** shall implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information from unauthorized access, destruction, use, modification, or disclosure.

B. Any person that conducts business in the state or that owns or licenses computerized data that includes personal information, or any agency that owns or licenses computerized data that includes personal information shall take all reasonable steps to destroy or arrange for the destruction of the records within its custody or control containing personal information that is no longer to be retained by the person or business by shredding, erasing, or otherwise modifying the personal information in the records to make it unreadable or undecipherable through any means.

C. Any person that owns or **licenses computerized data that includes personal information, or any agency that owns or licenses computerized data that includes personal information,** shall, following discovery of a breach in the security of the system containing such data, notify any resident of the state whose personal information was, or is reasonably believed to have been, acquired by an unauthorized person.

D. **Any agency or person that maintains computerized data that includes personal information that the agency or person does not own shall notify the owner or licensee of the information if the personal information was,** or is reasonably believed to have been, acquired by an unauthorized person through a breach of security of the system containing such data, following discovery by the agency or person of a breach of security of the system.

E. The notification required pursuant to Subsections C and D of this Section **shall be made in the most expedient time possible and without unreasonable delay but not later than sixty days from the discovery of the breach, consistent with the legitimate needs of law enforcement, as provided in Subsection F of this Section, or any measures necessary to determine the scope of the breach,** prevent further disclosures, and restore the reasonable integrity of the data system. When notification required pursuant to Subsections C and D of this Section is delayed pursuant to Subsection F of this Section or due to a determination by the person or agency that measures are necessary to determine the scope of the breach, prevent further disclosures, and restore the reasonable integrity of the data system, the person or agency shall provide the attorney general the reasons for the delay in writing within the sixty day notification period provided in this Subsection. Upon receipt of the written reasons, the attorney general shall allow a reasonable extension of time to provide the notification required in Subsections C and D of this Section.

F. If a law enforcement agency determines that the notification required under this Section would impede a criminal investigation, such notification may be delayed until such law enforcement agency determines that the notification will no longer compromise such investigation.

G. **Notification may be provided by one of the following methods:**

(1) Written notification.

(2) Electronic notification, if the notification provided is consistent with the provisions regarding electronic records and signatures set forth in 15 U.S.C. 7001.

(3) Substitute notification, if an agency or person demonstrates that the cost of providing notification would exceed one hundred thousand dollars, or that the

4

2022-06619

**E**

Section 7

FILED

2022 JUL 27  A 10:59

CIVIL

DISTRICT COURT

affected class of persons to be notified exceeds one hundred thousand, or the agency or person does not have sufficient contact information. Substitute notification shall consist of all of the following:

(a) E-mail notification when the agency or person has an e-mail address for the subject persons.

(b) Conspicuous posting of the notification on the Internet site of the agency or person, if an Internet site is maintained.

(c)Notification to major statewide media.

H. Notwithstanding Subsection G of this Section, an agency or person that maintains a notification procedure as part of its information security policy for the treatment of personal information which is otherwise consistent with the timing requirements of this Section shall be considered to be in compliance with the notification requirements of this Section if the agency or person notifies subject persons in accordance with the policy and procedure in the event of a breach of security of the system.

I. Notification as provided in this Section shall not be required if after a reasonable investigation, the person or business determines that there is no reasonable likelihood of harm to the residents of this state. The person or business shall retain a copy of the written determination and supporting documentation for five years from the date of discovery of the breach of the security system. **If requested in writing, the person or business shall send a copy of the written determination and supporting documentation to the attorney general no later than thirty days from the date of receipt of the request.** The provisions of R.S. 51:1404(A)(1)(c) shall apply to a written determination and supporting documentation sent to the attorney general pursuant to this Subsection.

J. <u>A violation of a provision of this Chapter shall constitute an unfair act or practice pursuant to R.S. 51:1405(A).</u>  (Emphasis provided)

VII.

Plaintiffs says that GOOGLE has intentionally invaded their privacy by surreptitious failing to **obtain consent from them or anyone** when it introduced its facial recognition technology through the using of all photos which they and others had uploaded to GOOGLE Photos in Louisiana. Further, plaintiffs say that as GOOGLE failed to obtain consent or permission from anyone found in plaintiffs' GOOGLE Photos, that GOOGLE violated their right to privacy, with **GOOGLE clearly violating *LSA-R.S. 51:3074.***

VIII.

GOOGLE is no stranger to being aware of its conduct in regards to its violations in regards to its pattern of creating a data base or "face template" as to its illicit gathering and use of photographs of both users and users stored photographs as found in plaintiffs' GOOGLE Photo storage and thus knew or should have known of the privacy violations it was engaging in. In 2018, after enactment of the **"European Union's General Data Protection Regulation"**,[1] GOOGLE was fined by the French government almost $57 million dollars for apparently failing to clearly explain how it uses consumers' personal information. Further, GOOGLE engaged in a

E-Filed

2022-06619

**E**

Section 7 $100 million settlement with Illinois residents this year after GOOGLE was accused of violating privacy laws in that state. The **Louisiana Database Security Breach Notification Law** was adopted from a similar Illinois statute. As in Illinois and France, GOOGLE violated statutes that required them to obtain consent from anyone that they clandestinely took personal information from to create their "face template date database", which on information and belief, they have sold or made available to others, and without the consent of the individuals' biometric information.

### IX.

Further, GOOGLE engaged in the invasion of privacy of everyone using their GOOGLE Photo storage, a tort in Louisiana, denying any user of the GOOGLE Photos application "the right to be let alone." In essence GOOGLE **appropriated, for their benefit,** the likeness of every user of its Photo storage system, **including those individuals who appeared in photos,** as well as the GOOGLE user who took the photo or any photo downloaded from another source. By engaging in this charade, GOOGLE made use of all photo images uploaded to their site for their own advantage. This invasion of privacy as to anyone who appeared in a photo acquired by GOOGLE can only be described as unreasonable and a highly offense intrusion upon the seclusion of another and is a clear and intentional interference with the individual or individuals, whose face was appropriated, thus denying the individual of their interest in solitude or seclusion, **either to their person or their private affairs or concerns.** Such an action by GOOGLE is offensive or objectionable to a reasonable person, **especially to the means used** which combined with GOOGLE's **purpose for obtaining the information,** chills both the photographer who photos were taken by GOOGLE, as well as the individual(s) in the photo, as they had no idea they would become a part of the GOOGLE "face template database."

### FIRST COMPLAINT

### X.

GOOGLE is in violation of the **Louisiana Database Security Breach Notification Law.** The August 1, 2018 amendment added **affirmative obligations on businesses, such as GOOGLE,** to safeguard personal information and set a 60-day deadline for GOOGLE to give notice to individuals in most data breaches. As noted above, GOOGLE, similar to the proverbial

---

[1] The **"European Union's General Data Protection Regulation"** is similar to the **Louisiana Database Security Breach Notification Law**, with both laws having the same intent, adequate notice to potential users as to what GOOGLE was doing with their private information.

2022-06619

# E

Section 7 fox in the henhouse, had total control of the "henhouse", but knew for certain they were treading on thin ice when the French government fined them $57 million dollars in 2018. Thus, this **Instant complaint asserts a breach of the personal information of Louisiana residents**, as their Biometric data, in the form of facial photographs, which are unique biological characteristics, easily used to authenticate an individual's identity to access a system or account, or in this instant matter, allow GOOGLE to create a "face template database". GOOGLE **is in breach of its affirmative obligation to safeguard the personal information of Louisiana residents who used their GOOGLE Photo storage, whether knowingly or by unintentional use.**

## XI.

GOOGLE failed to meet its affirmative obligations to protect the personal information [2] gathered from photographs, with these obligations applying to all persons and legal entities that either conduct business in Louisiana or own or license computerized data that includes Louisiana residents' personal information. GOOGLE failed to "implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information from unauthorized access, destruction, use, modification, or disclosure." [3]

## XII.

GOOGLE had an **affirmative duty to destroy records containing personal information and failed to do so.** "When deposing of records containing personal information, they must destroy the records "by shredding, erasing, or otherwise modifying the personal information in the records to make it unreadable or undecipherable through any means." [4]

## XIII.

GOOGLE was knowingly in breach of *LSA-R.S. 51:3074* , which requires any person that "owns or licenses computerized data that includes personal information" to notify Louisiana residents "whose personal information was, or is reasonably believed to have been acquired by an unauthorized person." [5] As GOOGLE did not own the Biometric data, in the form of facial photographs, then GOOGLE was obligated to give notice of the breach to the owner, [6] in this case, the plaintiffs, as well as notifying the other affected Louisiana residents.

---

[2]  La. R.S. §51:3074(A),(B)
[3]  La. R.S. §51:3074 (A)
[4]  La. R.S. §51:3074(B)
[5]  La. R.S. §51:3074 ( C  )
[6]  La. R.S. §51:3074 (D)

7

**E**

FILED

2022 JUL 27 A 10:59

CIVIL

DISTRICT COURT

**Section 7**

XIV. ·

As to a breach of *LSA-R.S. 51:3074* , Louisiana residents have the right to receive notice of security breaches of computerized data that includes their personal information [7], which GOOGLE did not provide "in the most expedient time possible and without unreasonable delay but not later than 60 days from the discovery of the breach".[8] Plaintiffs say that GOOGLE did not inform Louisiana residents of the "breach" of their personal biometric information because GOOGLE was the perpetrator of the breach and did not want the affected Louisiana residents to become aware that GOOGLE was creating their own "face template database", which on information and belief, they have sold or made available to others, and without the consent of the Louisiana individuals' biometric information which they appropriated.

XV. ·

GOOGLE also violated *LSA-R.S. 51:3074* by not providing a Notice [9] to Louisiana Residents[10] of the breach of their personal biometric information. Plaintiffs also says that GOOGLE was required to provide "notice" to the Louisiana Attorney General as well as providing "notice" to Louisiana residents,[11] which it did not. Failure to provide timely notice to the Attorney General may result in a fine of up to $5,000 per day. [12]

XVI.

*LSA-R.S. 51:3074* provides private enforcement, in particular " <u>A violation of a provision of this Chapter shall constitute an unfair act or practice pursuant to *R.S. 51:1405(A)*.</u> **Paragraph A** reads: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful". The actions of GOOGLE in appropriating for their benefit, the personal biometric information of plaintiffs, as well as other Louisiana residents **without their knowledge or approval** is immoral, unethical, oppressive and unscrupulous. Further, when a court finds the unfair or deceptive method, act, or practice **was knowingly used**, after being put on notice by the attorney general, the court shall award **three times the actual damages** sustained as well as reasonable attorney fees and costs to the plaintiffs. [13] Plaintiffs asserts that GOOGLE, in violating *LSA-R.S. 51:3074,* by operation of

---

· [7] La. R.S. §51:3074 ( C )
[8] La. R.S. §51:3074 (D)
[9] La. R.S. §51:3074 provides four (4) ways to notify affected Louisiana residents.
[10] La. R.S. §51:3074 (H)
[11] La. Admin. Code title 16,pt. III,§ 701(A) (2019)
[12] La. Admin. Code title 16,pt. III,§ 701(B) (2019)
[13] La. Rev. Stat. 51:1409(A)

2022-06619

# E

Section 7

FILED

2022 JUL 27  A 10:59

CIVIL

DISTRICT COURT

law, allows plaintiffs treble damages, reasonable attorney fees and costs for bringing this complaint.

### XVII.

Plaintiffs say that GOOGLE is in violation of *Revised Statutes§ 51:3071 et seq.* relative to the **Database Security Breach Notification Law.**

## DAMAGES OF PLAINTIFFS AS TO *LSA-R.S. 51:3074*

### The Experience of Plaintiff, Bandaries

### XVIII.

Plaintiff, Nathan Bandaries, is a retired attorney who has never used GOOGLE Photos until he recently discovered the program on his new cell phone when the phone begin providing him pictures of persons and events from the past, with phrases such as "ten years ago". Bandaries' photos included pictures of clients, accident sites, foreign clients, and particular clients who would not expect their images and photos to be appropriated by GOOGLE's use of their sophisticated facial recognition technology, which created a template for each face detected therein, with GOOGLE having no consideration for whether a particular face belonged to Bandaries, the GOOGLE Photo user or an unwitting non-user, with GOOGLE then comparing each template against GOOGLE's face template database. When there was a match, then GOOGLE would group the photo from which the newly uploaded face template was derived with the previously uploaded photos depicting that individual.

### XIX.

GOOGLE not only collected these unique face templates used by their GOOGLE Photo application to identify individuals, but would also use them to identify their gender, age and location. Thus, GOOGLE was collecting "biometric information" from users and non-users, all to GOOGLE' benefit and to the detriment of Bandaries. Further, as Bandaries' photos contain privileged information as to former clients, Bandaries is now in the position of having to notify former clients as to the loss of their information and at his expense.

### XX.

### The Experience of Plaintiff, Nomey

Nomey, is a retired, former consultant to hotel management and acquisition of hotel

9

2022-06619

**E**

Section 7

FILED

2022 JUL 27  A 10:59

CIVIL

DISTRICT COURT

properties, as well as a hotel owner. Many of her photos were personal as to business operations, including individuals who were her employees, individuals who were clients, individuals who were foreign nationals, as well as a former President of the United States. In direct violation of *LSA-R.S. 51:3074*, GOOGLE never informed her that her private information had been compromised, that GOOGLE, **without her permission,** had created face templates from her photos for the specific purpose of using their biometric identifiers or information, and that GOOGLE would collect, store and use these "identifiers" without her permission. GOOGLE never requested or received a written release from Nomey as to using her personal photos. Further, Nomey says that GOOGLE does not have a written, publicly available policy identifying GOOGLE's retention schedule, or guidelines for permanently destroying any of these biometric identifiers or information, with all of the foregoing being to her detriment.

XXI.

Plaintiffs say that their experience with GOOGLE was the same or similar to the experience of all Louisiana residents that used GOOGLE, Photos.

**SECOND COMPLAINT**

XXII.

NOW PLAINTIFFS, IN THEIR SECOND COMPLAINT, say that LSA-R.S. 51:3075, apart from *LSA-R.S. 51:3074* allows plaintiffs to seek damages under its statute which reads:

> *LSA-R.S. 51:3075*
> § 3075. Recovery of damages
> **A civil action may be instituted to recover actual damages resulting from the failure to disclose in a timely manner to a person that there has been a breach of the security system resulting in the disclosure of a person's personal information.** (Emphasis provided)

Plaintiffs assert that **thousands of Louisiana residents** had their personal information acquired by GOOGLE, with said biometric appropriation, in the form of **their personal photos and photographs of others,** with GOOGLE amassing these photographs without the knowledge or consent of said Louisiana residents, and for the benefit of GOOGLE. Further, GOOGLE never provided Louisiana residents, whose personal information was, or is reasonably believed to have been acquired by unauthorized persons with "notice" as required by statute.

XXIII.

Plaintiffs say that GOOGLE, through their actions, in creating a "face template database", by the appropriation of plaintiffs' biometric information, as well as those of thousands

10

2022-06619

**E**

Section 7

FILED

2022 JUL 27   A 10:59

CIVIL

DISTRICT COURT

of Louisiana residents, similarly situated, engaged in the Louisiana recognized tort of **invasion of privacy**. Plaintiffs say that the right to privacy, alleged herein, is an **unreasonable intrusion into a person's seclusion or solitude, or into his private affairs.** This tort allows plaintiffs, and other Louisiana residents to seek redress for the damages which an individual suffers when their legally recognized right "to be left alone", has been violated.

### XXIV.

Plaintiffs say that GOOGLE has (1) appropriated their likeness; (2) that GOOGLE, in their hidden actions unreasonably intruded on plaintiffs and other Louisiana residents as to their physical solitude or seclusion; (3) that GOOGLE, in their appropriation of plaintiffs' likeness unreasonably placed plaintiffs and other Louisiana residents in a false light, if and when the GOOGLE "face template database", when used by law enforcement or any other agency, both governmental and private, to identify plaintiffs or other Louisiana residents, as to a crime or a commercial use, with the "face template database" being known to confuse people of color and other races with incorrect identification; and (4) GOOGLE has put plaintiffs and other Louisiana residents in the position of having material, through photos, that leads to an unreasonable disclosure of embarrassing private facts.

### XXV.

Plaintiffs say that they and other Louisiana residents have had their right to privacy, which is guaranteed by the Louisiana Constitution violated. In particular, the **Louisiana Constitution of 1974, Art. I, § 5,** entitled "Right to Privacy," provides in pertinent part: "**Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy."** While the Louisiana Constitutional's "Right to Privacy" may be contested law, as to an individual, it is not in doubt as to being unconstitutional as to law enforcement's use in a criminal matter. GOOGLE, by its unilateral action, and without permission from plaintiffs and other Louisiana Residents, similarly situated, are in violation of the Louisiana Constitution in obtaining the biometric photo information of Louisiana residents without their notice or permission, and plaintiffs seeks damages for this violation.

11

# E

## Section 7

FILED

2022 JUL 27  A 10:59
CIVIL
DISTRICT COURT

XXVI.

## CLASS ALLEGATIONS AS TO INVASION OF PRIVACY ONLY

Plaintiff asserts that *LSA-R.S. 51:3075* is a separate remedy from *LSA-R.S. 51:3074* and allows for damages as to the illicit actions of GOOGLE as pled above. Further, Louisiana Tort law allows plaintiffs to assert a claim for invasion of privacy, with plaintiffs saying that numerous other residents of Louisiana were victims of the GOOGLE Photo taking, and that these Louisiana residents suffered the same or similar damages as plaintiffs.

XXVII.

Due to the number of the alleged GOOGLE victims, Louisiana law allows for a class action, with plaintiffs seeking to become class representative of all Louisiana residents, similarly situated, and had their privacy invaded, and who now seek damages as allowed in tort law, for the invasion of their privacy.

XXVIII.

While the potential class may reach hundreds of thousands, more than all of the proposed plaintiff class in the aggregate **are citizens of Louisiana** the state in which the class action is originally filed.  Further, the alleged conduct of the defendant forms a significant basis for the claims asserted by the proposed plaintiff class who are citizens of the state in which the action was originally filed. Also, the principal injuries resulting from the alleged conduct or any related conduct of the defendant **were incurred in Louisiana**. Additionally, during the three-year period preceding the filing of this class action, no other class action has been filed asserting the same or similar factual allegations against the defendant on behalf of the same or other persons.

XXIX.

As to the plaintiffs and other Louisiana residents who uploaded photos to GOOGLE Photos, with GOOGLE then converting them to unique face templates, which GOOGLE then used to identify individuals **from within the State of Louisiana**, their right to privacy was violated. GOOGLE located plaintiffs' face, as well as the faces of other Louisiana residents, scanned plaintiffs  and other Louisiana residents facial geometry, and created a unique face template corresponding to plaintiffs, as well as the "unique face template" of numerous other Louisiana residents, without their consent and knowledge, thus invading their privacy, as well as their Louisiana Constitutional right to be "left alone", with GOOGLE's actions committed

12

2022-06619

**E**

Section 7

FILED

2022 JUL 27  A 10:59

CIVIL

DISTRICT COURT

Without the permission of the owner of the photos, thus putting plaintiffs and other Louisiana residents in the position of having material, through photos, that can lead to an unreasonable disclosure of embarrassing private facts.

XXX.

The plaintiff and other Louisiana residents, had every right to rely on GOOGLE as to the security and safety of their personal photos, and thus to their detriment. Further, GOOGLE is in clear violation of the "Louisiana Database Security Breach Notification Law," *Revised Statutes § 51:3071 et seq*;

### CLASS DEFINITION

XXXI.

Plaintiffs bring this action pursuant the invasion of their privacy and on behalf of similarly situated individuals, defined as follows:

> **All Louisiana residents who appeared in a photograph in GOOGLE Photos at any time between August 1, 2018 and the present date.**

### NUMEROSITY

XXXII.

As the number of persons within the propose Class is substantial, certainly it is in the hundreds of thousands, thus it is impractical to join each member of the proposed Class as named plaintiffs or litigate the matter as a mass tort. Further, the size and relatively moderate value of the claims of the individual members of the proposed Class demonstrate that a class action is the most effective method of litigation, as well as assisting judicial economy.

### COMMONALITY

XXXIII.

The common questions of fact and law are common to all members of the proposed Class and thus predominate over any questions affecting individual members of the proposed Class. Proposed Class members' biometric data, through GOOGLE's use of GOOGLE Photos, converted their photos to unique face templates, without their informed consent, with no explanation of how it would be used, who would have access to this unique biometric data and for how long it would be retained, thus **depriving the proposed Class of their "right to privacy", an actionable tort in Louisiana.**

The proposed representatives of the proposed Class suggest that common legal and

13

2022-06619

**E**

**Section 7**

FILED

2022 JUL 27   A 10:59

CIVIL

DISTRICT COURT

factual questions, which do not vary from proposed Class member to proposed Class member, and which may be determined without reference to the individual circumstances of any class member include, but are not limited to, the following:

(a) whether GOOGLE collected or otherwise obtained plaintiffs' and the proposed Class's biometric identifiers or biometric information as defined and envisioned by *LSA-R.S. 51:3073* (v);

(b) whether GOOGLE implemented and maintained reasonable security procedures and practices appropriate to the nature of the biometric information to protect the personal information from unauthorized access, destruction, use, modification, or disclosure as envisioned and required by *LSA-R.S. 51:3074* (A);

(c) whether GOOGLE properly informed plaintiffs and the proposed Class that it collected, used, and stored their biometric identifiers or biometric information as envisioned by *LSA-R.S. 51:3074* (C) and (D);

(d) whether GOOGLE developed a written policy, made available to the users of GOOGLE Photos establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied;

(e) whether GOOGLE used plaintiffs' and the proposed Class's biometric identifiers or biometric information to identify them; and

(f) whether GOOGLE violations of the "Louisiana Database Security Breach Notification Law" were committed intentionally, recklessly, or negligently.

### ADEQUATE REPRESENTATION

### XXXIV.

Plaintiffs have retained and are represented by qualified and competent counsel who are highly experienced in complex class action litigation. Plaintiffs and their counsel are committed to vigorously prosecuting this class action. Neither plaintiffs nor their counsel has any interest adverse to, or in conflict with, the interests of the absent members of the proposed Class. Plaintiffs are able to fairly and adequately represent and protect the interests of such a Class. Plaintiffs have raised viable statutory claims of the type reasonably expected to be raised by members of the proposed Class, and will vigorously pursue those claims. If necessary, plaintiffs

14

**E**

FILED

2022 JUL 27   A 10:59

CIVIL

DISTRICT COURT

Section 7 may seek leave of this Court to amend this proposed Class Action Complaint to include

additional Class representatives to represent the Class or additional claims as may be appropriate.

## SUPERIORITY

### XXXV.

A class action is superior to other available methods for the fair and efficient adjudication of this dispute because individual litigation of the claims of all proposed Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiffs anticipate no difficulty in the management of this action as a class action. Class-wide relief is essential to compel compliance with the laws of Louisiana in regards to biometric material gathered by entities for their own benefit, especially the use of their photographs for defendants' benefit.

## FIRST CAUSE OF ACTION OF THE PROPOSED CLASS

### XXXVI.

Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

### XXXVII.

The "Louisiana Database Security Breach Notification Law," *LSA-R.S. 51:3073 (2)* " means the compromise of the security, confidentiality, or integrity of computerized data that results in, or there is a reasonable likelihood to result in, the unauthorized acquisition of and access to personal information maintained by an agency or person" with GOOGLE Photos, without authority, and through acquisition of plaintiffs' biometric information, in the use of their private photos, as well as members of the proposed Class, breached plaintiffs' right to privacy, as well as the right to privacy of the members of the proposed class. Further, GOOGLE failed to provide notice or receive the permission of plaintiffs, as well as the members of the proposed

2022-06619

**FILED**

2022 JUL 27   A 10:59

CIVIL

DISTRICT COURT

**E**

Section 7 class, nor provide them notice that GOOGLE, as to their biometric identifier or biometric

information, through the use of GOOGLE Photos was being collected or stored.

## XXXVIII.

GOOGLE is a Delaware limited liability company and thus qualifies as a "private

entity" under the "Louisiana Database Security Breach Notification Law," *LSA-R.S. 51:3073 (3)*

and thus this Court has jurisdiction and venue as to this dispute.

## XXXIX.

Plaintiffs and the proposed Class members are individuals who had their "biometric

identifiers," including scans of face geometry, collected, captured, received, or otherwise

obtained by GOOGLE from photographs that were uploaded to GOOGLE Photos **from within

the state of Louisiana.**

## XL.

Plaintiffs and proposed Class members are individuals who had their "biometric

information" collected by GOOGLE (in the form of their gender, age and location) through

GOOGLE's collection and use of their "biometric identifiers."

## XLI.

GOOGLE systematically and automatically collected, used, and stored Plaintiffs' and

proposed Class members' biometric identifiers and/or biometric information without first

obtaining the written release or even notifying them, with GOOGLE, on information and believe

creating extensive "data bases" **which could be sold for profit to other organizations,

including law enforcement entities.**

## XLII.

GOOGLE failed to properly inform plaintiffs or the proposed Class in any fashion as

required by *51:3074 (C), (D), (E)* and *(G)* that their biometric identifiers and/or biometric

information were being "collected or stored" on GOOGLE Photos for the use of GOOGLE , nor

did GOOGLE inform plaintiffs or Class members in any way   of the specific purpose and length

of term for which their biometric identifiers and/or biometric information were being "collected,

stored and used".

## XLIII.

In addition, GOOGLE is in possession of biometric identifiers and biometric information

E-Filed

**E**

Section 7

FILED

2022 JUL 27 A 10:59

CIVIL

DISTRICT COURT

but has failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric identifiers and/or biometric information of plaintiffs or the proposed Class members, as required by the "Louisiana Database Security Breach Notification Law."

### XLIV.

By collecting, storing, and using plaintiffs' and the proposed Class's biometric identifiers and biometric information as described herein, GOOGLE violated the rights of plaintiffs and each proposed Class member to keep private these biometric identifiers and biometric information, as required by the biometric information of plaintiffs or the proposed Class members, as required by the "Louisiana Database Security Breach Notification Law."

### XLV.

Individually and on behalf of the proposed Class, **plaintiffs seek the intervention of the Louisiana Attorney General as to the violation of the "Louisiana Database Security Breach Notification Law"** , with said violation providing plaintiffs, **only**, as to GOOGLE's conduct, clearly constituting an unfair act or practice pursuant to *R.S. 51:1405 (A)*, and that the actions of GOOGLE were so immoral, unethical and unscrupulous that **plaintiffs only** are entitled to treble damages and reasonable attorney fees for bringing this complaint.

### XLVI.

Further, plaintiffs say that **they** and the **proposed Class** are entitled to receive tort damages, under *C.C. 2015* for GOOGLE's breach of **their right to privacy** by GOOGLE's **unauthorized** acquisition of their "biometric identifiers," including scans of face geometry, collected, captured, received, or otherwise obtained by GOOGLE from photographs that were uploaded to GOOGLE Photos from within the state of Louisiana.

### XLVII.

#### PRAYER FOR RELIEF

WHEREFORE, **plaintiffs, individually**, respectfully request that the Court:

A. Declare that GOOGLE's actions, as set out above, violate the "Louisiana Database Security Breach Notification Law," *Revised Statutes § 51:3071 et seq*;

B. Declare that GOOGLE's actions, as set out above, and by operation of law, as to GOOGLE's conduct, clearly constituting an unfair act or practice pursuant to *R.S. 51:1405 (A)*, and that the actions of GOOGLE were so immoral, unethical and

E-Filed

2022-06619

**E**

Section 7

FILED

2022 JUL 27  A 10:59

CIVIL

DISTRICT COURT

unscrupulous that **plaintiffs only** are entitled to treble damages and reasonable attorney

fees for bringing this complaint;

C. Declare that GOOGLE's actions, as set out above, and as allowed by *LSA-R.S. 51:3075*

allows **plaintiffs only** to seek recovery of actual damages as to GOOGLE's disclosure of

their personal information; and

D. Declare that GOOGLE's actions, as set out above, allow **plaintiffs only**, to seek damages

for the invasion of their privacy, as allowed by *C.C. 2015*, and after all legal delays, that

this Honorable Court provide Judgment in their favor, and award an amount in damages

that will compensate them for their loss of privacy.

E. Declare that plaintiffs, Sandra Nomey and Nathan Bandaries, both being over the age of

70, and in poor health are entitled to an expedited trial setting pursuant to <u>La. Civ. Code</u>

<u>art.</u> 157.

F. Plaintiffs, now **appearing as the proposed representatives of a proposed class action**,

respectfully request that the court;

G. on behalf of the proposed Class, that this Court enter an Order, setting this case for

hearing **within 90 days**, to allow plaintiffs to certify the claims of the proposed class for

the violation of their rights to privacy, as allowed by *C.C. art. 2015*, and after said

hearing as a class action on behalf of the Class defined above, appointing plaintiffs as

representatives of the Class, and appointing their counsel as Class Counsel;

H. Awarding injunctive and other equitable relief as is necessary to protect the interests of

the Class, including, inter alia, an order requiring Google to collect, store, possess, and

use biometric identifiers or biometric information in compliance with the "Louisiana

Database Security Breach Notification Law;"

I. Awarding plaintiffs and the Class their reasonable litigation expenses and attorneys' fees;

J. Awarding Plaintiffs and the Class pre- and post-judgment interest, to the extent

allowable; and

K. Awarding such other and further relief as equity and justice may require.

*[Signature block on following page]*

E-Filed

# E

## Section 7

FILED

2022 JUL 27  A 10:59

CIVIL

DISTRICT COURT

Respectfully submitted,

MADRO BANDARIES (25339)
Madro Bandaries, PLC
Post Office Box 56458
1127 2ⁿᵈ Street
New Orleans, Louisiana 70156
Tel: 504-615-0583
Fax: 504-324-0684
Email: madro@bandarieslaw.com

STAG LIUZZA, L.L.C.

Michael G. Stag, No. 23314
Ashley M. Liuzza, No. 34645
Matthew D. Rogenes, No. 36652
One Canal Place
365 Canal Street, Suite 2850
New Orleans, LA 70130
(504) 593-9600 Telephone
(504) 593-9601 Facsimile
mstag@stagliuzza.com
aliuzza@stagliuzza.com
mrogenes@stagliuzza.com

**PLEASE SERVE VIA LOUISIANA LONG-ARM STATUTE** *La. Rev. Stat. Ann. § 13:3201*

GOOGLE LLC
Through Its Registered Agent
1698 CHOI CORPORATION
1496 RANCHO HILLS DR
CHINO HILLS, CA 91709

19

E-Filed

FILED

2022 JUL 27  P 12:54

CIVIL

DISTRICT COURT

**MADRO BANDARIES, PLC**

Attorneys at Law

Post Office Box 56458

New Orleans, Louisiana 70056

*madro@bandarieslaw.com*

(504) 615-0583

July 27, 2022

Via: CDC Electronic Mail Intake

Clerk of Court

Civil District Court of Orleans

New Orleans, Louisiana

Re: Nomey v. GOOGLE, LLC

No. 2022-04795 "A"

Dear Madam Clerk:

Please prepare a Citation for Service, with a copy of the original pleadings, via the <u>Louisiana Long Arm Statute</u>, for defendant:

**GOOGLE LLC.**

Through its Registered Agent

**1698 CHOI CORPORATION**

1496 Rancho Hills Drive

Chino, CA 91709

When the Citation/Pleading is ready, **please call me** at **(504) 615-0583** and we will come and pick it up as we wish to send it ourselves.

Thanking you in advance,

Sincerely,

s/ Madro Bandaries

**MADRO BANDARIES PLC**

MB/lga

I-A

VERIFIED

Kasie Jiles

2022 JUL 27  P 03:30

E-Filed

**FILED**

2022 JUL 29  A 11:37
CIVIL
DISTRICT COURT

**MADRO BANDARIES, PLC**
Attorneys at Law
Post Office Box 56458
New Orleans, Louisiana 70056
*madro@bandarieslaw.com*
(504) 615-0583

July 28, 2022

Via: ~~Postal Overnight~~ Mail. Signature Requested

Office of the Attorney General          Via Fed Ex.  8735 7139  9578
Consumer Protection Section
1885 N. Third Street
Baton Rouge, LA 70802

**Reporting Requirement as required by**
**La. Admin. Code tit. 16, § III-701**

Re: **Nomey v. GOOGLE, LLC**
No. **2022-04795 "A"**
       06619 "E"

Dear Attorney General Landry:

Pursuant to the reporting requirements of your Department, the attached litigation was filed yesterday in the Civil District Court of Orleans as to the alleged actions of GOOGLE, LLC, in regards to its alleged use of the photographs of Louisiana residents, stored on the GOOGLE, LLC "Google Photo" system, which plaintiffs say have been used to create "photo templates" for GOOGLE LLC 's use and the use of third-parties in creating "photo recognition" systems without providing the proper information to Louisiana residents who uploaded their personal photos to GOOGLE.

You may contact me at the above contact information or the contact information of Michael Stag, as found on the pleading, if you require additional information.

Thanking you in advance,

Sincerely,

**MADRO BANDARIES PLC**

MB/lga

**I-B**

**VERIFIED**
Jovan Gibson
2022 JUL 29  A 11:41

E-Filed

ATTORNEY'S NAME:    Bandaries, Madro  25339
AND ADDRESS:        P.O. Box 56458 , New Orleans, LA 70156

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| NO: 2022-06619 | DIVISION: E | SECTION: 07 |
|---|---|---|

### NOMEY, SANDRA ET AL

#### Versus

### GOOGLE, LLC

### CITATION - LONG ARM

TO:        GOOGLE LLC.

THROUGH:   THE LOUISIANA LONG ARM STATUTE  ITS REGISTERED AGENT 1698 CHOI
           CORPORATION
           1496 RANCHO HILLS DRIVE, CHINO, CA 91709

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PETITION FOR DAMAGES

 a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the
Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112, within thirty
(30) days after the filing in the record of the affidavit of the individual attesting to the manner of delivery made
through the "Long Arm Statute" under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New
Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service
operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to
free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-
1000.

\*\*\*\*\*\*\*\*COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE\*\*\*\*\*\*\*\*

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the
Parish of Orleans, State of LA August 3, 2022

**Clerk's Office, Room 402**
**Civil Courts Building**
**421 Loyola Avenue**
**New Orleans, LA 70112**

**CHELSEY RICHARD NAPOLEON, Clerk of**
**The Civil District Court**
**for the Parish of Orleans**
**State of LA**
**by** _____
**Patrice Conerly, Deputy Clerk**

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| **PETITION FOR DAMAGES** | **PETITION FOR DAMAGES** |
| ON  GOOGLE LLC. | ON  GOOGLE LLC. |
| THROUGH:  THE LOUISIANA LONG ARM STATUTE  ITS REGISTERED AGENT 1698 CHOI CORPORATION | THROUGH:  THE LOUISIANA LONG ARM STATUTE  ITS REGISTERED AGENT 1698 CHOI CORPORATION |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and |
| No. _____ | discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating |
| Deputy Sheriff of _____ | HIM/HER the said **GOOGLE LLC.** being absent from the domicile at time of said service. |
| Mileage: $ _____ | |
| _____ / ENTERED / | Returned the same day |
| PAPER               RETURN | No. _____ |
| / | Deputy Sheriff of _____ |
| SERIAL NO.       DEPUTY       PARISH | |

ID: 10963682                    Page 1 of 1



FILED

2022 AUG 08  P 06:27

CIVIL

DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. **2022-06619**                                                 DIVISION"E"

SANDRA NOMEY and NATHAN BANDARIES

VERSUS

GOOGLE , LLC, a Delaware Limited Liability Company

## CERTIFICATE OF LOUISIANA LONG-ARM SERVICE AS TO:
### Defendant, **GOOGLE  LLC**

Included in this Certificate, as (**Exhibit A**) is plaintiffs' service of "Citation-Long Arm with a certified copy of plaintiff's "Petition for Damages", said Long-Arm Service sent through USPS overnight mail, on August 3, 2022 (see **Exhibit A**), and further identified by USPS Tracking Number **EI 390 938 763 US**, said Long-Arm Service directed to **1698 CHOI CORPORATION**, registered Agent for defendant, GOOGLE LLC as well as  USPS Tracking Certification (**Exhibit B**) demonstrating that the Long-Arm Service/Citation arrived on **August 4, 2022** and was delivered at 12:57pm at the correct address. It is well settled that a litigant may not defeat service by merely refusing to accept a letter containing a citation. *Thomas Organ Company v. Universal Music Company*, 261 So.2d at 327; *Ahlers v. Ahlers*, 384 So.2d 474, 476 (La. App. 2d Cir.1980).  All that is necessary to constitute service upon a non-resident under the " Long Arm" statute is that counsel for plaintiffs sends a certified copy of the citation and of the petition in the suit to the defendant by registered or certified mail (or actually deliver it in person). There is no provision against domiciliary service and **no requirement for a signed return receipt**. *Thomas Organ Co. v. Universal Music Co.*, 261 So.2d 323(Ct. Of App. 1ˢᵗ Cir. 1972). Thus defendant, **GOOGLE LLC , has been served.**

Respectfully submitted,

MADRO BANDARIES (25339 )
Madro Bandaries, PLC
Post Office Box 56458
1127  2ⁿᵈ Street
New Orleans, LA 70130 Tel:
Tel: 504-615-0583
Email: ***madro@bandarieslaw.com***



I-D

1

VERIFIED

Jovan Gibson

2022 AUG 09   A 09:36

ATTORNEY'S NAME: Bandaries, Madro ~~25339~~
AND ADDRESS: P.O. Box 56458 , New Orleans, LA 70156

**FILED**

2022 AUG 08  P 06:27

CIVIL

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
DISTRICT COURT

### STATE OF LOUISIANA

| NO: 2022-06619 | DIVISION: E | SECTION: 07 |
|---|---|---|

**NOMEY, SANDRA ET AL**

**Versus**

**GOOGLE, LLC**

**CITATION - LONG ARM**

TO: GOOGLE LLC.

THROUGH: THE LOUISIANA LONG ARM STATUTE  ITS REGISTERED AGENT 1698 CHOI CORPORATION
1496 RANCHO HILLS DRIVE, CHINO, CA 91709

### YOU HAVE BEEN SUED:

You must either comply with the demand contained in the

PETITION FOR DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112, within thirty (30) days after the filing in the record of the affidavit of the individual attesting to the manner of delivery made through the "Long Arm Statute" under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA July 29, 2022

Clerk's Office, Room 402
Civil Courts Building
421 Loyola Avenue
New Orleans, LA 70112

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _____
Patrice Conerly, Deputy Clerk

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| PETITION FOR DAMAGES | PETITION FOR DAMAGES |
| ON GOOGLE LLC. | ON GOOGLE LLC. |
| THROUGH: THE LOUISIANA LONG ARM STATUTE  ITS REGISTERED AGENT 1698 CHOI CORPORATION | THROUGH: THE LOUISIANA LONG ARM STATUTE  ITS REGISTERED AGENT 1698 CHOI CORPORATION |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and |
| _____ No. _____ | discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating |
| Deputy Sheriff of _____ | HIM/HER the said GOOGLE LLC. being absent from the domicile at time of |
| Mileage: $ | said service |



EI 390 938 763 US



EXHIBIT
A

E-Filed

FILED

2022 AUG 08  P 06:27

CIVIL

DISTRICT COURT

# USPS Tracking®

FAQs >

## Track Another Package +

Remove X

**Tracking Number:** EI390938763US

**Scheduled Delivery by**

# THURSDAY

# 4  AUGUST 2022 �घ

by

# 6:00pm ⓘ

**USPS Tracking Plus® Available ∨**

## ⊘ Delivered, In/At Mailbox

August 4, 2022 at 12:57 pm
CHINO HILLS, CA 91709

EXHIBIT

**B**

**Get Updates ∨**

E-Filed

FILED
2022 AUG 18   A 11:16
CIVIL
DISTRICT COURT

**MADRO BANDARIES, PLC**
Attorneys at Law
Post Office Box 56458
New Orleans, Louisiana 70056
*madro@bandarieslaw.com*
(504) 615-0583

August 18, 2022
Via: CDC Electronic Mail Intake

Clerk of Court
Civil District Court of Orleans
New Orleans, Louisiana

Re: **Nomey, et al  v.  GOOGLE, LLC**
    **No.  2022-06619**

Dear Madam Clerk:

    Please  prepare  another   Citation  for  Service,  with  a  copy  of  the  original
pleadings, via the Louisiana Long Arm Statute, for defendant:

**GOOGLE LLC.**
Through its Registered Agent
Corporation Service Company
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

    When the Citation/Pleading is ready, **please call me** at **(504) 615-0583** and
we will come and pick it up as we wish to send it ourselves.

    Thanking you in advance,

Sincerely,

s/ Madro Bandaries

**MADRO BANDARIES PLC**

MB/lga



VERIFIED
Jovan Gibson
2022 AUG 18   P 02:38

E-Filed

ATTORNEY'S NAME:   Bandaries, Madro  25339
AND ADDRESS:          P.O. Box 56458 , New Orleans, LA 70156

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO: 2022-06619                   **DIVISION: E**                   **SECTION: 07**

**NOMEY, SANDRA ET AL**

**Versus**

**GOOGLE, LLC**

### CITATION - LONG ARM

TO:            GOOGLE LLC.

THROUGH:   THE LOUISIANA LONG ARM STATUTE  ITS REGISTERED AGENT: CORPORATION
                  SERVICE COMPANY

                  2710 GATEWAY OAKS DRIVE, SUITE 150N, SACRAMENTO, CA 95833

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PETITION FOR DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the

Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112, within thirty

(30) days after the filing in the record of the affidavit of the individual attesting to the manner of delivery made

through the "Long Arm Statute" under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New
Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service
operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to
free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-
1000.

*********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE*********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the
Parish of Orleans, State of LA August 22, 2022**

**Clerk's Office, Room 402**                  **CHELSEY RICHARD NAPOLEON, Clerk of**
**Civil Courts Building**                        **The Civil District Court**
**421 Loyola Avenue**                           **for the Parish of Orleans**
**New Orleans, LA 70112**                       **State of LA**
                                                **by** _____
                                                **Malik Haley, Deputy Clerk**

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| **PETITION FOR DAMAGES** | **PETITION FOR DAMAGES** |
| ON  GOOGLE LLC. | ON  GOOGLE LLC. |
| THROUGH:  THE LOUISIANA LONG ARM STATUTE  ITS REGISTERED AGENT: CORPORATION SERVICE COMPANY | THROUGH:  THE LOUISIANA LONG ARM STATUTE  ITS REGISTERED AGENT: CORPORATION SERVICE COMPANY |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and |
| _____ No. _____ | discretion residing therein as a member of the domiciliary establishment, whose |
| Deputy Sheriff of _____ | name and other facts connected with this service I learned by interrogating HIM/HER the said **GOOGLE LLC.** being absent from the domicile at time of |
| Mileage: $ _____ | said service. |
| _____ / ENTERED / | Returned the same day |
| _____ PAPER   RETURN | _____ No. _____ |
| _____ / _____ / _____ | Deputy Sheriff of _____ |
| SERIAL NO.   DEPUTY   PARISH | |



ATTORNEY'S NAME:   Bandaries, Madro  25339
AND ADDRESS:   P.O. Box 56458 , New Orleans, LA 70156

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO: 2022-06619               DIVISION: E               SECTION: 07

### NOMEY, SANDRA ET AL

Versus

### GOOGLE, LLC

### CITATION - LONG ARM

TO:        GOOGLE LLC.

THROUGH:   THE LOUISIANA LONG ARM STATUTE  ITS REGISTERED AGENT: CORPORATION
SERVICE COMPANY

2710 GATEWAY OAKS DRIVE, SUITE 150N, SACRAMENTO, CA 95833

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PETITION FOR DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the
Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112, within thirty
(30) days after the filing in the record of the affidavit of the individual attesting to the manner of delivery made
through the "Long Arm Statute" under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New
Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service
operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to
free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-
1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the
Parish of Orleans, State of LA August 22, 2022**

**Clerk's Office, Room 402**
**Civil Courts Building**
**421 Loyola Avenue**
**New Orleans, LA 70112**

**CHELSEY RICHARD NAPOLEON, Clerk of**
**The Civil District Court**
**for the Parish of Orleans**
**State of LA**
**by**
**Malik Haley, Deputy Clerk**

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| PETITION FOR DAMAGES | PETITION FOR DAMAGES |
| ON  GOOGLE LLC. | ON  GOOGLE LLC. |
| THROUGH: THE LOUISIANA LONG ARM STATUTE  ITS REGISTERED AGENT: CORPORATION SERVICE COMPANY | THROUGH: THE LOUISIANA LONG ARM STATUTE  ITS REGISTERED AGENT: CORPORATION SERVICE COMPANY |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said GOOGLE LLC. being absent from the domicile at time of said service. |
| _____ No. _____ | |
| Deputy Sheriff of _____ | Returned the same day |
| Mileage: $ _____ | _____ No. _____ |
| _____ / ENTERED / _____ | Deputy Sheriff of _____ |
| PAPER               RETURN | |
| _____ / _____          / _____ | |
| SERIAL NO.      DEPUTY      PARISH | |

FILED

2022 SEP 01  P 08:36

CIVIL

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS          DISTRICT COURT

STATE OF LOUISIANA

NO. **2022-06619**                                                                    **DIVISION"E"**

SANDRA NOMEY and NATHAN BANDARIES

VERSUS

GOOGLE , LLC, a Delaware Limited Liability Company

---

## **SECOND** CERTIFICATE OF LOUISIANA LONG-ARM SERVICE AS TO:
### Defendant, **GOOGLE LLC**

Attached to this Certificate, as (**Exhibit A**) is plaintiffs' Copy of the "Citation"
certified by the Clerk, notifying the defendant, **GOOGLE, LLC** of the pending lawsuit. The
original of (**Exhibit A**), with a certified copy of plaintiffs' "Petition for Damages", was
served via the Long-Arm Service Statute, sent through USPS overnight mail, on August
30, 2022 (**Exhibit B**), and further identified by USPS  Tracking Number **EI
465415087US**, said Long-Arm Service directed to **GOOGLE LLC,** thought its Registered
Agent: Corporation Service Company, **at 2710 Gateway Oaks Drive, Suite 150N,
Sacramento, CA 958331698** with (**Exhibit B**) demonstrating that the Long-Arm
Service/Citation arrived on **August 31, 2022** and was delivered at 11:24 am at the
correct address, and was signed for by "A.A".

It is well settled that a litigant may not defeat service by merely refusing to accept
a letter containing a citation. *Thomas Organ Company v. Universal Music Company*, 261
So.2d at 327; *Ahlers v. Ahlers*, 384 So.2d 474, 476 (La. App. 2d Cir.1980). All that is
necessary to constitute service upon a non-resident under the " Long Arm" statute is that
counsel for plaintiffs send a certified copy of the citation and of the petition in the suit to
the defendant by registered or certified mail (or actually deliver it in person). There is no
provision against domiciliary service and **no requirement for a signed return receipt**.
*Thomas Organ Co. v. Universal Music Co.*, 261 So.2d 323(Ct. Of App. 1st Cir. 1972). Thus
defendant, **GOOGLE LLC** , has been served for the 2nd time.

Respectfully submitted,

MADRO BANDARIES (25339 )
Madro Bandaries, PLC
Post Office Box 56458
1127  2nd Street
New Orleans, LA 70130 Tel:
Tel: 504-615-0583
Email: ***madro@bandarieslaw.com***

1-G

1

VERIFIED

Jovan Gibson

2022 SEP 02  A 09:34

**FILED**

ATTORNEY'S NAME:  Bandaries, Madro  25339
AND ADDRESS:  P.O. Box 56458 , New Orleans, LA 70156

2022 SEP 01  P 08:36

CIVIL
DISTRICT COURT

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO: 2022-06619                 **DIVISION: E**                 **SECTION: 07**

**NOMEY, SANDRA ET AL**

**Versus**

**GOOGLE, LLC**

**CITATION - LONG ARM**

TO:          GOOGLE LLC.

THROUGH:   THE LOUISIANA LONG ARM STATUTE  ITS REGISTERED AGENT: CORPORATION
            SERVICE COMPANY

            2710 GATEWAY OAKS DRIVE, SUITE 150N, SACRAMENTO, CA 95833

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PETITION FOR DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the
Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112, within thirty
(30) days after the filing in the record of the affidavit of the individual attesting to the manner of delivery made
through the "Long Arm Statute" under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New
Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service
operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to
free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-
1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the
Parish of Orleans, State of LA August 22, 2022**

**Clerk's Office, Room 402**
**Civil Courts Building**
**421 Loyola Avenue**
**New Orleans, LA 70112**

**CHELSEY RICHARD NAPOLEON, Clerk of**
**The Civil District Court**
**for the Parish of Orleans**
**State of LA**
**by**
**Malik Haley, Deputy Clerk**

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| PETITION FOR DAMAGES | PETITION FOR DAMAGES |
| ON GOOGLE LLC. | ON GOOGLE LLC. |
| THROUGH: THE LOUISIANA LONG ARM STATUTE  ITS REGISTERED AGENT: CORPORATION SERVICE COMPANY | THROUGH: THE LOUISIANA LONG ARM STATUTE  ITS REGISTERED AGENT: CORPORATION SERVICE COMPANY |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said GOOGLE LLC. being absent from the domicile at time of said service. |
| _____ No. _____ | |
| Deputy Sheriff of _____ | |
| Mileage: $ _____ | |
| _____ / ENTERED / | Returned the same day |
| PAPER        RETURN | _____ No. _____ |
| _____ / _____ / | Deputy Sheriff of _____ |
| SERIAL NO.     DEPUTY     PARISH | |

30 Aug 2022
2:58 PM


EXHIBIT
A

ID: 10978614                                    Page 1 of 1

E-Filed

# USPS Tracking®

FILED

2022 SEP 01  P 08:36

FAQs >

CIVIL

DISTRICT COURT

## Track Another Package +

**Tracking Number:** EI465415087US                Remove ✕

## Scheduled Delivery by

# WEDNESDAY

# 31 AUGUST 2022 ⓘ | by **6:00pm** ⓘ

**USPS Tracking Plus® Available** ⌄

# ⊘ Delivered, Individual Picked Up at Postal Facility

August 31, 2022 at 11:24 am
SACRAMENTO, CA 95813



EXHIBIT

*B*

E-Filed

## Tracking History

FILED

2022 SEP 01   P 08:36
CIVIL
DISTRICT COURT

**August 31, 2022, 11:24 am**
Delivered, Individual Picked Up at Postal Facility
SACRAMENTO, CA 95813
Your item was picked up at a postal facility at 11:24 am on August
31, 2022 in SACRAMENTO, CA 95813 by CSC. The item was
signed for by A A.

**August 31, 2022, 11:05 am**
Out for Delivery
SACRAMENTO, CA 95833

**August 31, 2022, 10:54 am**
Arrived at Post Office
SACRAMENTO, CA 95813

**August 31, 2022, 8:08 am**
Arrived at USPS Regional Destination Facility
SACRAMENTO CA DISTRIBUTION CENTER

**August 30, 2022, 6:16 pm**
Arrived at USPS Regional Origin Facility
NEW ORLEANS LA DISTRIBUTION CENTER

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2022-06619                                              DIVISION: E

SANDRA NOMEY and NATHAN BANDARIES

v.

GOOGLE LLC

FILED: _____                      _____
                                                              DEPUTY CLERK

<u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

Defendant, Google LLC ("Google"), hereby gives notice that on September 30, 2022, it

filed Notice of Removal of this action to the United States District Court for the Eastern District

of Louisiana. A copy of the Notice of Removal without exhibits is attached hereto as Exhibit A.

By virtue of this Notice of Removal, this action has been removed from the court to the U.S.

District Court, pursuant to 28 U.S.C. § 1332.

This 30th day of September, 2022.

Respectfully submitted,

FORMAN WATKINS & KRUTZ

*Taylor D. Waxley*

DANIEL J. MULHOLLAND, #58569
T. PEYTON SMITH, #34984
TAYLOR D. WAXLEY, #39382
201 St. Charles Avenue, Suite 2100
New Orleans, LA 70170
Telephone: (504) 799-4383
Facsimile: (504) 799-4384
Daniel.Mulholland@formanwatkins.com
Peyton.Smith@formanwatkins.com
Taylor.Waxley@formanwatkins.com
LAEService@formanwatkins.com

*Attorneys for Google LLC*



## CERTIFICATE OF SERVICE

 **I HEREBY CERTIFY** that on September 30, 2022, I served a true and correct copy of

the foregoing on all known counsel of record and / or party by U.S. Mail, certified mail, fax, e-

mail, and / or hand delivery as follow:

 Plaintiffs
 Through Their Counsel of Record
 Madro Bandaries
 Madro Bandaries, PLC
 Post Office Box 56458
 1127 2nd Street
 New Orleans, Louisiana 70156

 And

 Michael G. Stag
 Ashley M. Liuzza
 Matthew D. Rogenes
 One Canal Place
 365 Canal Street, Suite 2850
 New Orleans, Louisiana 70130

 _____
 TAYLOR D. WAXLEY